C. FLORIAN ZITTEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 14111.   Promulgated June 15, 1928.

*C. Florian Zittel* pro se.
*J. L. Deveney, Esq.*, for the respondent.

676

ARUNDELL: The petitioner seeks a redetermination of taxes for the years 1920 and 1921, but as the respondent has found an over-assessment for 1920 which does not arise out of the rejection of an abatement claim, we have no jurisdiction over the respondent's finding for that year. We may, however, consider the facts with reference to that year for the purpose of deciding whether the deficiency in the 1921 taxes was correctly determined.

The respondent has found that the petitioner was on a cash receipts and disbursements basis and has taxed his salary in the years in which it was actually received. According to the petitioner's testimony he kept books and records of some kind during the years 1920 and 1921, but we do not know on what basis they were kept. All that we have on this phase of the case is that on his return for 1919 he wrote in reply to the question on the face of it that it showed "income received" and on his 1920 return he indicated that he kept books on an accrual basis. Certain it is that his accounts in 1920 were not strictly on an accrual basis for he took into consideration only expenses paid. On this state of the record we can not find that the respondent erred in holding that the petitioner was on a receipts and disbursements basis.

Taxpayers on a receipts and disbursements basis are required to report only income actually received no matter how binding any contracts they may have to receive more. So for the year 1920 it was necessary for this taxpayer to include in the salary reported for taxation only the amount he actually received. For the year 1921 he was required by law to report all that he actually received and the fact that a part of it was for services rendered in 1920 can not make it taxable income for the earlier year. See *Clarence Schock*, 1 B. T. A. 528. We have repeatedly held that even where salary is credited on the books of the employer it is not income to the taxpayer until actually received in the absence of evidence of constructive receipt. *Edmund J. Karr*, 2 B. T. A. 635, and cases there cited. There can be no valid argument of constructive receipt made here in view of the showing of petitioner's vain efforts to collect in the year 1920.

*Judgment will be entered for the respondent.*